UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES LINLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 1:17-CV-00013(JCC/JFA) |
| MICHAEL POLSON, | ) ) ) |
| Defendant. | ) ) ) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Michael Polson, in his individual capacity, by and through counsel, and without waiving any defenses hereinafter asserted, hereby submit his Answer to the Plaintiff's First Amended Complaint [ECF No. 12].[1]

AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim because *Bivens* does not provide a cause of action against a Transportation Security Officer for a violation of the Fourth Amendment predicated on the alleged over-intrusiveness of a security screening pat-down at an airport security checkpoint, where special factors counsel hesitation in recognizing a claim for damages against an individual defendant in his personal capacity.

2. Defendant's conduct in performing a security screening pat-down of Plaintiff did not violate the Fourth Amendment.

---

[1] Plaintiff requests that this Court levy sanctions against the Defendant at its discretion for allegedly violating Civil Local Rule 7(B) by failing to provide a contact number. [ECF No. 12, at 1]. This is a conclusion of law, to which no response is required.

3.	Defendant is entitled to qualified immunity from Plaintiff's claim that Defendant violated the Fourth Amendment

4.	Defendant reserves the right to raise any affirmative defense supported by the record.

Defendant responds to the specific provisions of Plaintiff's First Amended Complaint as follows:[2]

Defendant states that pages 1-6 of Plaintiff's First Amended Complaint consist of unnumbered introductory Paragraphs which consist of Plaintiff's summary of his case, Plaintiff's commentary on the Court's prior orders, Plaintiff's characterizations of various factual allegations, Plaintiff's characterizations of the relief that he believes he is entitled to, and Plaintiff's legal analyses and legal conclusions. No response is required for these introductory and unnumbered Paragraphs contained on pages 1-6 of the First Amended Complaint.  To the extent necessary, and to the extent that Defendant has sufficient knowledge to form a belief about the truth or falsity of the allegations, Defendant denies all factual allegations and characterizations contained in the aforementioned unnumbered introductory Paragraphs.

---

[2]Plaintiff's First Amended Complaint is both organized and pled in an unusual fashion, primarily without numbered paragraphs; as such, this answer attempts to isolate those particular factual allegations requiring response from those legal conclusions and Plaintiff's own subjective characterizations which do not require a response.

1

With respect to the numbered Paragraphs of the First Amended Complaint, the Defendant answers as follows:

CLAIMS[3]

The opening un-numbered paragraph to this section of the First Amended Complaint contains conclusions of law to which no response is required.

1.	The Defendant incorporates by reference his responses to the foregoing allegations contained in the unnumbered introductory paragraphs contained on pages 1-6 of the First Amended Complaint.

2.	Paragraph 2 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

3.	Paragraph 3 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

4.	Paragraph 4 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

5.	Paragraph 5 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

6.	Paragraph 6 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

7.	Paragraph 7 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

---

[3] No response is needed for any of the headings contained in the First Amended Complaint. To the extent the headings are deemed allegations of fact; they are denied. The Defendant only refers to the headings of the First Amended Complaint for ease of convenience for the Court, as the Plaintiff's numbering is not sequential throughout the First Amended Complaint. As such, the Defendant responds to the First Amended Complaint based upon Plaintiff's numbering system.

## FORFEITURE OF QUALIFIED OR OTHER IMMUNITIES

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

3. Paragraph 3, including subparagraphs a. and b., contain conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

4. The first two sentences of Paragraph 4 contain legal analyses and conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied. With respect to the third, fourth, and fifth sentences of Paragraph 4, the Defendant admits that Plaintiff requested an apology and that he (the Defendant) did not provide an apology. Defendant denies the remaining allegations contained in the third, fourth, and fifth sentences of Paragraph 4.

5. Paragraph 5, including subparagraphs a. and b., contain conclusions of law to which no response is required. To the extent they are deemed allegations of facts; they are denied.

## EXHAUSTION

This section, found on page 13 of the First Amended Complaint, consists of one paragraph containing factual allegations intermingled with characterizations and conclusions of law, to which no response is required. With respect to specific factual allegations contained within this section, Defendant denies that he has ever been arrested in connection with the alleged events of March 10, 2016, and Defendant affirmatively states that he has never been

charged with any crime arising from the alleged events of March 10, 2016. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this unnumbered Paragraph.

## SPECIFIC NATURE OF ACTION AND RELIEF SOUGHT

1. Paragraph 1, including subparagraphs a. through e., contain conclusions of law, Plaintiff's characterization of his alleged claim, and Plaintiff's characterization of the relief he seeks, to which no response is required. To the extent they are deemed allegations of facts, Defendant lacks sufficient knowledge to form a belief about the truth or falsity of whether Plaintiff "travels frequently" through Dulles Airport or the reasons for any such travel, and the actions of Loudoun County Magistrates, and otherwise, they are denied.

2. Paragraph 2 contains Plaintiff's request for a jury trial to which no response is required. To the extent it is deemed an allegation of fact; it is denied.

## BACKGROUND AND PROCEDURAL HISTORY

This section of Plaintiff's First Amended Complaint, found at pages 15 through 18, consists of unnumbered paragraphs mixing factual allegations with characterizations, arguments, and conclusions of law to which no response is required. To the extent factual in nature, Defendant therefore responds only to the specific factual allegations apparent to him and denies all other characterizations and allegations contained within this section of the First Amended Complaint.

Defendant admits that Plaintiff transited a TSA Pre✓® lane at a TSA security screening checkpoint at Dulles International Airport on March 10, 2016. Defendant admits that when Plaintiff presented for security screening at the TSA Pre✓® lane, Defendant informed Plaintiff that Plaintiff needed to empty his pockets and remove all personal property from his person prior

to entering walk-through screening equipment.  Defendant admits that Plaintiff refused to comply with Defendant's request with respect to the items in Plaintiff's wallet. Defendant admits that he then offered the Plaintiff the option of keeping the contents of Plaintiff's wallet in Plaintiff's hand by undergoing a pat-down security screening in lieu of being screened using walk-through equipment.

Defendant admits that Plaintiff agreed to a pat-down screening and that Defendant performed a pat-down screening procedure on Plaintiff.  Defendant admits that before performing the pat-down procedure, he visually and physically inspected the contents of Plaintiff's wallet that Plaintiff carried in his hand.  Defendant admits that portions of Plaintiff's security screening, including the pat-down screening, were recorded by a closed circuit television surveillance system camera. Defendant admits that while performing the pat-down procedure on Plaintiff's left inner thigh, Plaintiff interrupted the procedure by bending over and stepping backwards. Defendant admits that TSA then contacted the Metropolitan Washington Airports Authority ("MWAA") Police Department to request that police officers come to the checkpoint. Defendant admits that while he waited for police officers to arrive, he moved away from Plaintiff and stepped around a corner. Defendant admits that officers of the MWAA Police Department came to the checkpoint and spoke with both Plaintiff and Defendant regarding the pat-down.

Defendant admits that Plaintiff submitted an administrative claim to TSA on June 12, 2016, and TSA responded by letter dated September 22, 2016.  Except for those factual allegations specifically admitted, Plaintiff denies all other allegations contained in this section of the First Amended Complaint.

Plaintiff also submits six exhibits, attached as Exhibits A-F, located at pages 19-30 of the First Amended Complaint. Plaintiff's descriptions of these exhibits constitute Plaintiff's

characterizations of his claim, as well as contain conclusions of law to which no response is required. To the extent these descriptions are deemed allegations of fact; they are denied.

WHEREFORE, having answered Plaintiff's First Amended Complaint, Defendant prays that this Court enter judgment in favor of Defendant and against Plaintiff, dismiss this case in its entirety with prejudice, award Defendant costs as allowed under Federal Rule of Civil Procedure 54, and award Defendant such other relief as this Court deems just and proper.

    Respectfully submitted,

    DANA J. BOENTE
    UNITED STATES ATTORNEY

By:    _____/s/_____
    D'ONTAE SYLVERTOOTH
    Special Assistant U.S. Attorney
    DENNIS C. BARGHAAN, JR.
    Assistant U.S. Attorney
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Telephone: (703) 299-3728
    Fax:    (703) 299-3983
    Email:  D'Ontae.Sylvertooth @usdoj.gov

DATE: July 25, 2017    ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I caused a true and correct copy of the foregoing to be sent to the following via first-class mail:

CAPT. J. Linlor
1405 S. Fern Street
#90341
Arlington, VA 22202

                              _____/s/_____
                              D'ONTAE SYLVERTOOTH
                              Special Assistant U.S. Attorney