IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES LINLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17cv0013 (AJT/JFA) |
| ) | |
| MICHAEL POLSON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On November 21, 2017, plaintiff filed a "dispositive motion to determine spoliation of evidence and appropriate sanctions" and he has waived oral argument on the motion. (Docket no. 210). On December 5, 2017, the defendant filed an opposition to the motion. (Docket no. 222). Given that the plaintiff is seeking the entry of a default judgment in this motion, the undersigned is submitting these proposed findings of fact and recommendation in accordance with 28 U.S.C. § 636(b)(1)(C), a copy of which will be provided to all parties.

The issues raised in this motion have been brewing for several months and the motion is now ripe for decision. Throughout this litigation plaintiff has raised the issue that only one video recording of the incident has been produced in response to his various discovery requests to the defendant and to the defendant's former employer (the Transportation Security Administration ("TSA")), and to the Metropolitan Washington Airport Authority ("MWAA"), the entity that controls the closed circuit video surveillance at Washington Dulles International Airport ("IAD"). As described fully in the court's memorandum opinion denying the defendant's motion to dismiss, plaintiff's complaint claims that excessive force was used during his security screening at IAD on March 10, 2016. (Docket no. 70). The screening was performed by the

1

defendant in this action, who at the time was a TSA officer. Plaintiff made his complaints of excessive force known at the time of the screening and an investigation was conducted but no action was taken against the defendant by TSA or MWAA. Plaintiff then filed an administrative claim that was not processed since it was filed using a pseudonym. Plaintiff filed this action in January 2017.[1]

Plaintiff claims in this motion that a substantial number of video recordings were made of the incident but only one recording was produced that was "likely the poorest angle/view of the incident." Plaintiff also claims that the defendant failed to retain his text messages, emails, and social media screen captures since this incident. Defendant's opposition states that he is being sued in his individual capacity, that he had no control over the video recordings maintained by MWAA, and that he never sent any text messages, emails, or communicated through social media with anyone concerning this incident.

Both parties have cited numerous cases supporting their respective positions but neither party has focused on a very important issue that Federal Rule of Civil Procedure 37(e) was amended effective December 1, 2015. The current version of Rule 37(e) provides that if a party fails to take reasonable steps to preserve electronically stored information that should have been preserved in the anticipation or conduct of litigation, and that information cannot be restored or replaced through additional discovery, the court: "(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to

---

[1] Plaintiff filed an earlier action involving this incident against MWAA and Loudoun County that has been dismissed.

2

the party; or (C) dismiss the action or enter a default judgment." The duty to preserve evidence arises not only during litigation, but also extends to the period before litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). District courts have broad discretion in imposing sanctions where spoliation occurs. *BMG Rights Mgmt (US) LLC v. Cox Communications, Inc.*, 199 F. Supp. 3d 958, 986 (E.D. Va. 2016) (citing *Turner v. United States*, 736 F.3d 274, 281 (4th Cir. 2013)).

As stated in the advisory committee notes, Rule 37(e) was amended in 2015 to address a circuit split regarding the different standards applied for imposing sanctions on parties who failed to preserve electronically stored information. In cases where a court does not find that a party acted with the intent to deprive the opposing party of evidence, courts should exercise restraint and only authorize sanctions that are "no greater than necessary to cure the prejudice" caused by the party's misconduct. However, on a finding that a party acted with the intent to deprive another party of the information's use in the litigation, courts are authorized to consider more severe sanctions. Even where a party acted willfully, courts should exercise restraint in imposing sanctions and the remedy should fit the wrong, and the severe measures authorized by in Rule 37(e)(2) should not be used when the information lost was relatively unimportant or lesser measures such as those specified in subdivision (e)(1) would be sufficient to redress the loss. The relief sought by the plaintiff in this motion (either a default judgment or an instruction to the jury) would require a showing that the defendant acted with the intent to deprive the plaintiff of the use of the information in the litigation.

In addressing the issue of whether plaintiff is entitled to sanctions under Rule 37(e), the court must first determine whether the defendant had a duty **and the ability** to preserve the video

recordings and other electronic evidence. While there is a fair argument given the complaints made by the plaintiff at the time of the incident that Mr. Polson could be reasonably on notice of potential litigation (*Silvestri*, 271 F.3d at 591), plaintiff has not established that the defendant had the ability to require MWAA or his employer the TSA to preserve any video recordings of the incident. Both TSA and MWAA were on notice of plaintiff's complaints on March 10, 2016, and at that time there were no other "reasonable steps" that this defendant as mere employee of TSA could have taken to preserve any other video recordings that may have captured any part of the incident.

Furthermore, MWAA has stated that the video recording that has been produced in discovery fully shows the incident with the plaintiff and states that it was not required to maintain video recordings that did not show the alleged assault or every angle of the alleged assault. (Docket no. 113 at 3). While plaintiff complains that the video is of poor quality and that he believes that better angles and higher quality recordings should have been preserved, there is no evidence that other recordings of the incident actually existed and were not preserved or that any additional recordings would provide significant new information. Therefore plaintiff's motion also fails to establish any significant prejudice from the loss of any other video recordings at IAD during the March 10 incident.

Plaintiff has also failed to show that the defendant failed to preserve his text messages, emails, or social media communications relating to this case. Defendant has stated that he did not communicate with anyone concerning this incident through text messages, emails, or social media. If the defendant did not have any text messages, emails, or social media communications relating to this incident, there was nothing to preserve. Therefore there was no "electronically stored information that should have been produced" as required by Rule 37(e).

As a final point, plaintiff has also failed to present any evidence of this defendant having an intent to deprive the plaintiff of information in the litigation. If MWAA did have other recordings of the incident and it failed to preserve them, that does not support a finding of intent by this defendant as required by the amended version or Rule 37(e) for the relief requested by the plaintiff.

For these reasons, it is recommended that plaintiff's dispositive motion to determine spoliation of evidence and appropriate sanctions be denied.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Captain James Linlor, 1405 Fern Street, #90341, Arlington, Virginia 22202, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 6th day of December, 2017.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia